IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PJSC CREDIT-MOSCOW BANK, ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 15-6604 |
| NAIL KHAIROULLINE | : | |
| a/k/a NAIL A. KHAIROULLINE | : | |
| a/k/a NAIL ABDULOVICH | : | |
| KHAIROULLINE, ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                        **AUGUST** 23 **, 2016**

Presently before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction. (ECF No. 10.)  For the following reasons, Defendants' Motion will be denied.

**I.      BACKGROUND**

Plaintiffs PJSC Credit-Moscow Bank ("CMB") and Anatoily Anatolyevich Beloshchin ("Beloshchin") bring this action to enforce five foreign money judgments entered against Defendants Nail Khairoulline and Rushana Khairoulline in the Zamoskvoretsky District Court of Moscow, Russia.  (Compl. ¶ 3, ECF No. 1.)  Plaintiffs seek to have the judgments recognized and enforced in this Court pursuant to Pennsylvania's Uniform Foreign Money Judgment Recognition Act, 42 Pa. Cons. Stat. §§ 22001, *et seq*.  In the instant Motion, Defendants request dismissal of the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending that the foreign money judgments are not final, and therefore this Court lacks jurisdiction to enforce them.

**A.      Factual Background**

CMB is a commercial bank organized under the laws of Russia, with its principal place of business in Moscow.  (Compl. ¶ 10.)  Plaintiff Beloshchin is the assignee of all the rights of

CMB, the original judgment creditor, with respect to two of the foreign money judgments.  (*Id.* at ¶ 11.)  Defendants are husband and wife and reside in Pennsylvania.  (*Id.* at ¶¶ 13-14.)

The five foreign money judgments arose out of litigation initiated in Russia.  The litigation involved loans extended by CMB in 2012 to Defendant Nail Khairoulline, and two other entities—Orlando, LLC and Solorex, Inc.  (Lygina Decl. ¶¶ 4, 5, Pls.' Resp. Ex. A, ECF No. 13.)[1]  The debtors on the loans were in the business of manufacturing thin films used to tint and reinforce automobile windshields and glass.  (Lygina Decl. ¶ 6.)  The debtors borrowed over 100,000,000 in Russian Rubles, which, at that time, amounted to approximately 3.3 million United States dollars.  (*Id.* at ¶ 7.)  The loans were personally guaranteed by Defendants Nail Khairoulline and Rushana Khairoulline, and other individuals and entities.  (*Id.* at ¶ 8.)  The debtors defaulted on the loans, and CMB commenced litigation in Russia to enforce its rights under the various credit agreements.  (*Id.* at ¶ 13.)

On October 21, 2013, two judgments were rendered in favor of Plaintiff Beloshchin (Judgment No. 1 and Judgment No. 2).  (Compl. ¶¶ 17, 21.)  To date, these judgments have not been satisfied.  (*Id.* at ¶¶ 20, 24.)  On December 23, 2014, two judgments were rendered in favor of CMB (Judgment No. 3 and Judgment No. 4).  (*Id.* at ¶¶ 25, 29.)  Neither of these judgments has been satisfied.  (*Id.* at ¶¶ 28, 32.)  On May 20, 2015, a judgment was rendered in favor of CMB (Judgment No. 5).  (*Id.* at ¶ 33.)  To date, Judgment No. 5 has not been satisfied.  (*Id.* at ¶¶ 35-36.)  The Complaint states that the foreign money judgments are "conclusive, final, binding and enforceable under Russian law."  (*Id.* at ¶ 7; *see also* Compl. Exs. H, G.)

_____

[1] In response to Defendants' Motion, Plaintiffs submitted the sworn Declaration of Olga Lygina.  Lygina is the Director of Plaintiff CMB.  In that role, she oversees the legal proceedings initiated by CMB and Beloshchin against Defendants in the Russian courts.  (Lygina Decl. ¶¶ 1, 3.)

### B.   Procedural History

On December 14, 2015, Plaintiffs filed a Complaint alleging claims under Pennsylvania's Uniform Foreign Money Judgment Recognition Act.  On June 9, 2016, Defendants filed a Motion to Dismiss for Lack of Jurisdiction.  (Def.'s Mot., ECF No. 10.)  Defendants also filed an Answer on June 9, 2016.  (ECF No. 11.)  On July 6, 2016, Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss.  (Pl.'s Resp., ECF No. 13.)

### C.   Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiffs are citizens of a foreign state and Defendants are citizens of Pennsylvania.  *See* 28 U.S.C. § 1332(a)(2) (stating that the district court shall have original jurisdiction of a civil action when the matter in controversy exceeds $75,000 and the action is between "citizens of a State and citizens or subjects of a foreign state").  Venue is proper in the Eastern District of Pennsylvania because Defendants reside in Bucks County, Pennsylvania.  *See* 28 U.S.C. § 1391(b).  The parties do not dispute that diversity exists or that the amount in controversy exceeds $75,000.

## II.   LEGAL STANDARD

Under Federal Rule 12(b)(1), "when subject matter jurisdiction is challenged, the plaintiff must bear the burden of persuasion."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quoting *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  A defendant may challenge the existence of subject matter jurisdiction in two ways:  attack the complaint on its face, or attack subject matter jurisdiction factually.  A factual attack asserts "the actual failure of [a plaintiff's] claims to comport with the jurisdictional prerequisites," and a facial attack addresses a pleading deficiency.  *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d

506, 514 (3d Cir. 2007).  When considering a facial challenge, the court "must only consider the

allegations of the complaint and documents referenced therein and attached thereto, in the light

most favorable to the plaintiff."  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.

2000) (citation omitted).  When considering a factual challenge, courts "may independently

evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming that the

plaintiff's allegations are true."  *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) (citation

omitted).  Defendants' argument that the lack of finality of the foreign money judgments at issue

in this action divests this Court of subject matter jurisdiction constitutes a factual challenge under

Rule 12(b)(1).

## III.    DISCUSSION

Defendants contend that the Court lacks subject matter jurisdiction because the

judgments upon which the Complaint is based are not final judgments.  Specifically, Defendants

contend that all five judgments were appealed to the Russian appellate court.  Defendants state

that of those five judgments that were appealed, two have been remanded to the trial court for

further proceedings, and one has been stayed at the appellate level.[2]  Defendants argue that the

appellate posture of the judgments renders them not final, and therefore, this Court lacks

jurisdiction to recognize and enforce the judgments.

### A.    Pennsylvania's Uniform Foreign Money Judgment Recognition Act

Under Pennsylvania's Uniform Foreign Money Judgment Recognition Act, a foreign

money judgment is entitled to recognition and enforcement in Pennsylvania if it is final and

---

[2] Defendants have offered no proof that the judgments were remanded to the trial court or stayed by the appellate court in Russia.  Counsel for Defendants contend that they received correspondence from Russian counsel informing them that one of the judgments on appeal is currently stayed.  Over two months ago when this Motion was filed, Counsel offered to submit the correspondence as evidence once they had it translated from Russian to English.  Counsel failed to submit the translated correspondence to support their representation to the Court.

conclusive in the court where it was rendered.  A "foreign judgment" is defined in the Act as "[a]ny judgment of a foreign government granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment in matrimonial or family matters."  42 Pa. Cons. Stat. § 22002.  Section 3 of the Act states:

> Except as provided in sections 4 and 5, a foreign judgment meeting the requirements of section 9 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money.  The foreign judgment is enforceable in the same manner as the judgment of another state which is entitled to full faith and credit.

42 Pa. Cons. Stat. § 22003.[3]  Section 9 states that the Act applies "to any foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or it is subject to appeal."  42 Pa. Cons. Stat. § 22009.

Defendants contend that the Court lacks jurisdiction over this matter because the Act only applies to final judgments, and the five foreign money judgments at issue here are pending on appeal in Russia and therefore not final.  Defendants' argument is contrary to the explicit language of Act.  Specifically, Section 9 states that the Act applies "to any foreign judgment that is final and conclusive and enforceable where rendered, *even though an appeal therefrom is pending or it is subject to appeal*."  42 Pa. Cons. Stat. § 22009 (emphasis added); *see also Auer v. Lanier Worldwide, Inc*., No. 08-528, 2009 U.S. Dist. LEXIS 62307, at *5-8 (D. Del. July 20,

---

[3] Section 4 of the Act states that a foreign judgment need not be recognized if:  (1) the defendant did not receive sufficient notice of the proceedings in the foreign action; (2) the judgment was obtained by fraud; (3) the action is "repugnant to the public policy of [the] Commonwealth"; (4) the judgment conflicts with another final and conclusive judgment; (5) the proceeding "was contrary to an agreement between the parties"; or (6) with respect to personal jurisdiction cases, the foreign court was a "seriously inconvenient forum."  42 Pa. Cons. Stat. § 22004.  Section 5 provides grounds for concluding that the judgment is "nonconclusive," including that:  (1) it was rendered in a tribunal that did not provide procedures compatible with due process; (2) the foreign court did not have personal jurisdiction over the defendant; or (3) the foreign court did not have jurisdiction over the subject matter.  42 Pa. Cons. Stat. § 22005.  Defendants have not raised any argument as to the unenforceability of the judgments under these two Sections of the Act.

2009) (exercising jurisdiction over action under Delaware's Uniform Foreign Money Judgment Recognition Act even though the parties' appeals were pending in the foreign court that rendered the judgment). Defendants have not provided any authority demonstrating that Russian courts regard judgments on appeal as lacking in finality. In fact, the foreign money judgments attached to the Complaint reveal that Russian courts deem the judgments final. Specifically, the judgments state that appellate rights are triggered after issuance of the "final form" of the ruling. (*See* Compl. Exs. A, B, C, D, E.) Since Defendants sought appeals with respect to the five foreign money judgments, the judgments must have been issued in their final form. Moreover, two of the judgments—Judgment No. 1 and Judgment No. 2—state explicitly that they were issued in their final form. (*See* Compl. Ex. A ("This ruling was produced in its final form on 12 November 2013."); Compl. Ex. B. (same).)

Defendants contend that the Russian appellate courts remand of two judgments and stay of one judgment further support a finding by this Court that the judgments are not final for purposes of this action. This argument is also rejected. Defendants have offered no evidence to support their allegation that the judgments were remanded or stayed. Instead, Defendants merely state that "upon information and belief," they believe this to be the case. However, Plaintiffs' evidence contradicts Defendants' contention that the judgments were remanded or stayed. In opposition to the Motion, Plaintiffs offer the sworn Declaration of Olga Lygina, the Director of CMB. Lygina states that, at the time Plaintiffs commenced this action to enforce the foreign money judgments, the judgments were valid, enforceable, and final as against Defendants. (Lygina Decl. ¶ 14.) She further states that it was not until after the action was commenced in this Court that Defendants filed belated applications to restore their appellate rights with respect to the five foreign money judgments. (*Id*. at ¶ 15.) After the applications were granted,

Defendants filed substantive appeals requesting that the judgments be vacated.  (*Id.* at ¶ 19.)  The appeal associated with Judgment No. 3 (Case No. 2-8771/14) was rejected by the appellate court. (*Id.* at ¶ 20.)  The appeals associated with Judgment No. 1 (Case No. 2-6505/13) and Judgment No. 2 (Case No. 2-5326) were argued on June 30, 2016.  (*Id.* at ¶ 21.)  The parties are currently awaiting decisions from the appellate court in Moscow on these two appeals.  With respect to Judgment No. 4 (Case No. 2-8772/14), Lygina states that Defendants' appellate rights were not restored.  However, another defendant in the Russian action—Irina Yastrebova—filed an identical application to restore appellate rights, which is pending.  (*Id.* at ¶ 22.)  With respect to Judgment No. 5 (Case No. 2-2463/15), Lygina states that Defendant Nail Khairoulline's request to restore appellate rights was denied.  However, Defendant Khairoulline's counsel filed an identical application to restore appellate rights on behalf of his wife, Defendant Rushana Khairoulline, which is currently pending.  (*Id.* at ¶ 23.)  Plaintiffs contend that the multiple applications to restore appellate rights filed by both Defendants in this action and other defendants from the Russian actions were simply intended to delay enforcement of the foreign money judgments in Pennsylvania.  (*Id.* at ¶¶ 22-24.)

Because Plaintiffs raise a factual challenge to jurisdiction under Rule 12(b)(1), we are "entitled to independently evaluate the evidence" to resolve factual disputes that go to jurisdiction.  *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012).  Based upon a review of the evidence before the Court, we are satisfied that Defendants have failed to demonstrate that any money judgments have been remanded or stayed by the Russian courts.  In any event, even if the Russian appellate courts had remanded judgments or stayed appeals, we would still retain jurisdiction over this action.  The Act specifically applies to judgments that have been appealed or are subject to appeal.  The Act also provides Courts with the authority to

stay actions pending the outcomes of appeals of foreign judgments in the foreign court.  *See* 42 Pa. Cons. Stat. § 22007.  The Act does not support Defendants' argument that courts are divested of jurisdiction if a foreign judgment is remanded or stayed for further proceedings in the foreign court.  None of the five money judgments in this action has been vacated by the courts in Russia. The parties do not dispute this.  We have subject matter jurisdiction over this matter.[4] Defendants' Motion to Dismiss will therefore be denied.

### B.    Issuance of a Stay

Section 7 of the Act states that "[i]f the defendant satisfies the court either that an appeal is pending or that he is entitled and intends to appeal from the foreign judgment, the court may stay the proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal."  42 Pa. Cons. Stat. § 22007. Defendants have not requested a stay pending the outcome of the appeals.  However, we believe a stay is appropriate with respect to three of the judgments.  *See Clientron Corp. v. Devon IT, Inc.*, No. 13-05634, 2014 U.S. Dist. LEXIS 31086, at *18 (E.D. Pa. March 10, 2014) (acknowledging that the court's authority to grant a stay pending appeal under Section 7 of Pennsylvania's Uniform Foreign Money Judgment Recognition Act serves to "sav[e] valuable judicial resources.").

The parties are currently awaiting decisions from the appellate court in Moscow with respect to Judgment No. 1 (Case No. 2-6505/13) and Judgment No. 2 (Case No. 2-5326).[5] Arguments on those appeals took place on June 30, 2016.  Plaintiffs believe that decisions from

---

[4] Defendants have not challenged the Court's jurisdiction in any other respect. Defendants do not dispute the existence of diversity jurisdiction or that the jurisdictional amount is satisfied.

[5] The appeal associated with Judgment No. 3 (Case No. 2-8771/14) was rejected by the Russian appellate court.

the Russian appellate court are imminent.  Therefore, a stay pending these decisions would be prudent, and would not prejudice Plaintiffs' prosecution of this matter.  A stay is also appropriate with respect to Judgment No. 5 (Case No. 2-2463/15), as an application for restoration of appellate rights is pending on behalf of one of the Defendants in that matter—Rushana Khairoulline.  With respect to the appeal associated with Judgment No. 4 (Case No. 2-8772/14), a stay is not appropriate.  Defendants' appeal of this judgment was rejected.  The only appeal pending of Judgment No. 4 was filed by an individual who is not a party to this action.

Plaintiffs are directed to notify the Court when decisions have been reached by the Russian appellate courts on these appeals.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be denied. The matter will be stayed as to Judgment No. 1 (Case No. 2-6505/13), Judgment No. 2 (Case No. 2-5326), and Judgment No. 5 (Case No. 2-2463/15), pending the outcome of the appeals.

An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**